Dear Mr. Karns:
You have requested an opinion of this office in regards to a question which has arisen concerning the Coastal and Fair plans as provided for in LSA R.S. 22:1431-1445 and 1406.1-1406.13. More specifically the question is whether an unauthorized insurer or a so called "surplus lines" insurer may write homeowners policies in the areas that would normally be covered by the Coastal and Fair plans. The "surplus lines" carrier proposes to write these policies but exclude coverage for wind and hail damage which would be reinsured by the Costal and Fair plans. This proposal presents two questions.
The first question presented is whether the Coastal and Fair plans may act as reinsurer for certain portions of a homeowners policy issued by a "surplus lines" or unauthorized insurance carrier. The second question is, if the Coastal and Fair plans can reinsure the unauthorized insurer, does the proposal presented by the "surplus lines" insurer violate the Louisiana Insurance Code, since all authorized insurers who write homeowners policies in this state are assessed in order to fund the Coastal and Fair plans, but the "surplus lines" carrier writing the insurance would not.
Since no case law exist on this subject, an answer to the first question must come from an analysis of the relevant statutes to determine the intent and authority given in creating the Coastal and Fair plans. Under LSA R.S. 22:1434 which relates to the Coastal plan and LSA 22:1406.4 which concerns the Fair plan, the powers and duties of the governing committee of this plan are cited as follows:
 The governing committee, or its designee, shall pursuant to the provisions of this Part and the plan, and with respect to essential property insurance on insurable property, have the power on behalf of the participants:
 (1) To cause to be issued policies of insurance to applicants
(2) To assume reinsurance from the participants.
 (3) To cede reinsurance to the participants and to purchase reinsurance on behalf of the participants.
In order to determine if this statute applies to a "surplus lines" carrier it is necessary to statutorily define the term participant. A participant is defined in LSA R.S. 22:1433 which states that:
 A. There is hereby re-created and continued the Louisiana Insurance Underwriting Plan. All insurers authorized to write and engage in writing, within this state on a direct basis, property insurance shall participate in the plan.
 B. Every such insurer shall participate in the plan so long as the plan is in existence as a condition of its authority to continue to transact business of insurance in this state.
(Emphasis added)
A "surplus lines" insurer is not by definition a participant in this plan due to the fact that they are not authorized in this state and can only write business in this state through a licensed surplus lines broker for a line of insurance which cannot be procured from an authorized insurer.
As shown above, the Louisiana Insurance Code under, LSA R.S.22:1434 and 22:1406.4 state that the plan may, with the consent of the governing committee, assume reinsurance from the participants and cede reinsurance to the participants. However, the Code is silent on the issue of whether the plan may provide reinsurance for a "surplus lines" or unauthorized insurer. Therefore, since the two statutes cited above state that the plan can act as a reinsurer for authorized insurance carriers but makes no mention of "surplus lines" or unauthorized carriers, then it must be reasoned that the plan only has authority to supply reinsurance for the authorized insurance carriers which choose to write policies for the areas which would be covered by the Costal and Fair plans.
Since the first question was answered in the negative the second question has been rendered moot. It should also be noted that regardless of the interpretation given to the statutes cited above, any proposal for writing this type of insurance by a "surplus lines" or unauthorized insurance carrier which requires the plans to reinsure a portion of the policy, would have to receive approval of the Louisiana Insurance Rating Commission.
Therefore, for the reasons stated above, it is the opinion of this office that the Coastal and Fair plans as defined by LSA R.S. 22:1431-1445 and 1406.1-1406.13 have no statutory authority to act as a reinsurer for purposes of reinsuring certain portions of homeowners policies issued in this state by a "surplus lines" or unauthorized insurance carrier.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ L. Dean Fryday, Jr. Assistant Attorney General